# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:12-CV-00132-GCM

| | |
|---|---|
| MICHAEL MEAD, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CALVIN SHAW ) | |
| REGINALD BLOOM ) | |
| WILLIAM SAMPSON ) | |
| GASTON COUNTY, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court upon the additional briefing solely about the claims for trespass and malicious prosecution against the Defendants in their individual capacities asked for by the Court in its March 30, 2017 Order. Pursuant to that Order, the Defendants submitted a Memorandum of Law in Support of their Motion for Summary Judgment (Doc. No. 186); Plaintiffs submitted a response (Doc. No. 189); and the Defendants submitted a reply (Doc. No. 191). The Court has reviewed these filings and this matter is now ripe for disposition.

Michael Mead ("Plaintiff") has alleged several causes of action against Defendants stemming from the investigation into the murder of Lucy Johnson and the eventual charging of Plaintiff with the murder. Some causes of action were dismissed pursuant to this Court's Order on November 1, 2013. (Doc. No. 90). Defendants Gaston County and officers, in their official capacities, then moved to dismiss all state tort claims pursuant to governmental immunity. (Doc. No. 117). Thereafter, Defendants moved for summary judgment on all remaining claims, inclusive of any state tort claims against the officers and all federal claims. (Doc. No. 141). On

1

January 25, 2016, the Court entered an Order granting Defendants' motion to dismiss and summary judgment. (Doc. No. 177). Plaintiff timely appealed. (Doc. No. 180). The Court of Appeals remanded the matter so this Court could address Defendants' entitlement, in their individual capacities, to public official/officer immunity for all of Plaintiff's alleged state tort claims (Trespass by Public Officer (Fourth Claim) and Malicious Prosecution (Fifth Claim)).

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence" in support of the non-movant's position is not sufficient to establish a genuine dispute. *Id.* at 252. A material fact affects the outcome of the suit under the applicable substantive law. *See id.* at 248. When determining whether a dispute is genuine or a fact is material, courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000). Unsupported speculation, however, is insufficient to defeat a motion for summary judgment. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996).

Both the state tort claims of malicious prosecution and trespass by a public officer are barred if probable cause existed as the public official would be shielded by immunity. *Williams v. City of Jacksonville Police Dep't*, 599 S.E.2d 422, 430 (N.C. App. 2004). So the relevant issue is whether there was probable cause for the Defendant's arrest of the Plaintiff. *See Beeson v. Palombo*, 727 S.E.2d 343, 346 (N.C. Ct. App. 2012) *disc. review denied*, 732 S.E.2d 352 (N.C.

2012) ("If probable cause existed for the issuance of the arrest warrants, then defendants would be shielded by public official immunity.").

It is important to note that the Court has previously found there was probable cause to arrest Plaintiff for the murder of Lucy Johnson in its analysis of the § 1983 claims. (Doc No. 177 at 16). The Plaintiffs ask the Court to reconsider its previous finding of probable cause for the arrest of the Plaintiff and find that there was in fact not probable cause in that instance. The Court declines to relitigate this issue for the reasons set forth below.

In *Williams*, the North Carolina Court of Appeals held that a probable cause determination in the Federal Court translated to a probable cause finding in for state tort claims due to the doctrine of collateral estoppel.

> Under state law, a cause of action in tort will lie for false imprisonment, based upon the 'illegal restraint of one's person against his will.' A false arrest, i.e., one without proper legal authority, is one means of committing a false imprisonment."…Probable cause is an absolute bar to a claim for false arrest.
> …
> In the prior federal court action, Judge Fox ruled that Officer … had probable cause to detain plaintiff because "plaintiff admittedly drove his vehicle in excess of the speed limit." Further, Judge Fox ruled that defendants did not unreasonably expand the permissible scope of the stop. As probable cause is an absolute bar to plaintiff's claim, he is collaterally estopped from relitigating this issue. Plaintiff's claim for false arrest fails. ... The trial court erred in failing to grant summary judgment on plaintiff's claim of false arrest.

*Williams*, 165 N.C. App. at 596 (citations omitted).

Public officials sued in their individual capacity are entitled to public official immunity from claims in tort unless their "conduct is malicious, corrupt, or outside the scope of official authority." *Epps v. Duke Univ., Inc.,* 122 N.C.App. 198, 205, 468 S.E.2d 846, 852 (1996). Defendants as police officers are public officials who enjoy absolute immunity from personal

3

liability for discretionary acts done without corruption or malice. *Schlossberg v. Goins,* 141 N.C.App. 436, 445-46, 540 S.E.2d 49, 56 (2000) (citing *Jones v. Kearns,* 120 N.C.App. 301, 305-06, 462 S.E.2d 245, 247-48 (1995)), *disc. review denied,* 355 N.C. 215, 560 S.E.2d 136, 137 (2002).

The Court has previously determined that probable cause existed in this instance in its analysis of the § 1983 claims and this probable cause determination carries over in the Court's analysis of state tort claims. Consequently, the Defendants are entitled to public official immunity regarding both the plaintiff's trespass claim and malicious prosecution claim as Plaintiff's arrest was supported by probable cause.

**IT IS THEREFORE ORDERED** that summary judgment is granted in the Defendants' favor on the remaining state tort claims of trespass and malicious prosecution. The Clerk of Court is directed to close this civil case.

**SO ORDERED.**

Signed: May 16, 2017

Graham C. Mullen
United States District Judge